# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE ESTATE OF ANTONIO DEVON MAY, ) <br> by and through his Administrator, ) <br> APRIL M. MYRICK, APRIL M. MYRICK, ) <br> Legal Guardian of ZA'KOBE K. RICKERSON, ) <br> a minor, and JORDAN I. RICKERSON, a minor, ) <br> SHEENA PETTIGREW, Mother and ) <br> Natural Guardian of ELIJAH WARREN, ) <br> a minor. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FULTON COUNTY, GEORGIA, ) <br> SHERIFF THEODORE JACKSON, ) <br> in his official and individual capacities, ) <br> JASON ROACHE, DERRICK PAIGE; ) <br> JAMILLAH SAADIQ, JAMEL GOODWINE, ) <br> WILLIAM WHITAKER, AARON COOK, ) <br> OMAR JACKSON, JERMAINE COPELAND, ) <br> KENESIA STOWDER, JORDAN WILCHER, ) <br> GUITO DELACRUZ, JASMINE ROWE, ) <br> MARY STOVALL, NAPHCARE, INC., ) <br> And TRAVIS WILLIAMS. ) <br> ) <br> Defendants. ) | CIVIL ACTION: <br><br> 1:19-CV-2440-TWT <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION TO AMEND SECOND AMENDED COMPLAINT AND TO ADD DAVID DIDIER, PA AS A DEFENDANT PURSUANT TO FED. R. CIV. P. 15(A)(2) AND FED. R. CIV. P. 21 AND BRIEF IN SUPPORT

COME NOW, Plaintiffs, and hereby file this Motion to amend the Second Amended Complaint to add and clarify specific counts regarding violations of the United States Constitution against current Defendants, to add David Didier, PA as a defendant in this case and to correct the name on the style of the case which should read Elijah Warren, not Elijah Pettigrew.

## Statement of Facts

As the Court is aware, this case involves the tragic death of Antonio May at the Fulton County Jail on September 11, 2018.  Mr. May was 34 years old, and the father of three minor boys when he died at the Jail.  On the early morning of September 11, 2018, Mr. May was being arrested for a misdemeanor of throwing rocks at a window.  Only hours after arriving to the Fulton County Jail Mr. May communicated to jail staff that he was suffering from a mental health crises, and that he was suicidal.  Mr. May also tested positive for amphetamines at Grady Hospital prior to arriving at the jail and after he arrived to the jail.  Despite these issues, the officers tased him several times, used an electronic stun gunned, beat him with closed fists to his face and other regions on his body, pepper sprayed him, placed him in physical restraints while in a restraint chair, placed him in a spit

mask with pepper spray on his face and water hosed Mr. May as punishment for him allegedly being nude in a jail holding cell, and refusing to put his clothes on. Since the Second Amended Complaint was filed Plaintiffs have discovered the following new shocking evidence committed by the Defendant officers and the employees at Naphcare, Inc.:

1) Despite jail policy to the contrary, NONE of the 13-member Direct Action Response Team (DART) who responded to the Antonio May incident wore or turned on their body cameras to capture the events which led to force used on Antonio May.

2) Plaintiffs have learned from an eyewitness inmate at the Fulton County Jail that Mr. May was simply asking for water when force was initiated.

3) During depositions, the Defendant officers have contradicted their own written statements after Mr. May's death and gave clearly conflicting testimony regarding why force was used on Mr. May. Without the body camera footage as required by jail policy, it is the officers' word versus a dead Antonio May's word as to what caused force to be initiated against Mr. May, which led to his death.

4) Plaintiffs have learned in discovery that several Defendant officers Aaron Cook, Guito Delacruz, Omar Jackson, Derrick Paige, Jason Roache and William Whitaker were disciplined by jail superiors for using excessive restraints on Mr. May after force was used. Physical restrains were listed as the cause of death by the medical examiner. (Please see the disciplinary records and autopsy report attached to this Motion).

5) Plaintiffs have learned that the Defendant officers violated jail policy by ALL of them refusing to render medical aid to Mr. May after the use of force. Plaintiffs' experts will testify that prompt medical attention could have saved Mr. May's life.

6) Plaintiffs have learned that a spit mask was used after Mr. May was peppered sprayed and before he was decontaminated. The video footage from the general areas of the jail shows Mr. May being transported in the restraint chair with the spit mask on his face. After decontamination, Mr. May reappears with the same spit mask on his face that, at this point, is greatly contaminated with the residue of the pepper spray.

7) Naphcare, Inc.'s employee David Didier, P.A. violated the standard of care and was indifferent to Mr. May in his examination of Mr. May after

force was used. Mr. Didier failed to provide basic medical care such as taking basic vital signs and doing a proper examination of Mr. May after force was used. Mr. May died shortly after the substandard examination by Mr. Didier. Plaintiffs' experts will testify that a proper medical examination of Mr. May by Mr. Didier could have saved Mr. May's life.

8) Naphcare Inc.'s employee Travis Williams, the jail triage intake EMT failed to document any communication of Mr. May's medical psychological and medical issues to jail staff before force was used.

9) Plaintiff Sheena Pettigrew, the actual party to the case, failed to notice that the style of the prior complaints listed her minor son as Elijah Pettigrew, when it should have listed his actual legal name, Elijah Warren.

I. **Legal Analysis**

Under Fed. R. Civ. P. 15(a), after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a) instructs courts to "freely give leave when justice so requires." Id at 15(a)(2).

In addition, under Fed. R. Civ. P. Rule 21, on motion or on its own, the court may at any time, on just terms, add or drop a party.

Several Defendant officers in this case showed clear deliberate indifference to Antonio May's serious medical condition which caused his death. Even though the Second Amended Complaint lists deliberate indifference in Count II of the Second Amended Complaint, Plaintiffs need to amend the Second Amended Complaint to clearly state that deliberate indifference falls under the 8th Amendment of the United States Constitution.

In addition, David Didier clearly violated the standard of care and showed deliberate indifference to Antonio May's serious medical condition which caused his death. Therefore, justice requires that David Didier, P.A. should be added as a party to this case.

Travis Williams is already a party to this case for his standard of care violations involving Mr. May. Justice required that we add Deliberate Indifference as a charge against Mr. Williams for his failure to document the communication of Mr. May's serious medical conditions to jail staff which led to the events that caused the death of Mr. May.

Finally, Plaintiff Sheena Pettigrew wants to correct the style of this case and list the correct name of her minor son as Elijah Warren. Plaintiff Pettigrew has already provided, during discovery, legal documents and birth documents to the Defendants which shows the correct name of Elijah Warren.

Accordingly, justice requires that the Second Amended Complaint is permitted to be amended to add the additional counts of deliberate indifference against the Defendant officers and Travis Williams Defendants, pursuant to Rule 15(a)(2). In addition, David Didier, PA is a necessary party to this case under Rule 21 for his violation of the standard of medical care and his deliberate indifference regarding the medical care he provided to Mr. May.

## II.   Conclusion

Plaintiff hereby prays that this Court permit Plaintiffs to amend the Second Amended Complaint based on the above, and be allowed to file the attached Third Amended Complaint in this case.

This 25th day of March, 2021.

                        Respectfully Submitted,

                        /s/ Michael D. Harper
                        MICHAEL D. HARPER
                        Georgia Bar No. 328378
                        Attorney for Plaintiff April Myrick

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Facsimile:  (404) 600-2146
Email: mharper@mharperlaw.com

                        /s/ Tremaine Teddy Reese
                        TREMAINE TEDDY REESE
                        GEORGIA BAR NUMBER: 503391
                        Attorney for Sheena Pettigrew

The Reese Firm, LLC
1318 Stark Avenue
Columbus, Georgia 31906
Telephone: (706) 341-1822
Facsimile:   (706) 243-6446
Email: teddyreese@teddyreesefirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send PLAINTIFF'S MOTION TO AMEND SECOND AMNEDED COMPLAINT and email notifications of such filing to the parties and/or attorneys of record.

This 22nd day of March, 2021.

Respectfully Submitted,

/s/ Michael D. Harper
MICHAEL D. HARPER
Georgia Bar No. 328378
Attorney for Plaintiff April Myrick

Michael D. Harper, P.C.
3481 Lakeside Dr. NE, Suite 2406
Atlanta, GA 30326
Telephone: (404) 271-6618
Facsimile:  (404) 600-2146
Email: mharper@mharperlaw.com

/s/ Tremaine Teddy Reese
TREMAINE TEDDY REESE
GEORGIA BAR NUMBER: 503391
Attorney for Sheena Pettigrew

The Reese Firm, LLC
1318 Stark Avenue
Columbus, Georgia 31906
Telephone: (706) 341-1822
Facsimile:  (706) 243-6446
Email: teddyreese@teddyreesefirm.com