** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED              REMOTE CSID           DURATION    PAGES    STATUS
May 28, 2019 12:51:28 PM EDT                     190         8        Received

Case 1:19-cv-02440-TWT   Document 180-5   Filed 03/26/21   Page 1 of 8

05/28/2019  09:50                                    (FAX)                P.001/008

Michael D. Harper, Trial Attorney

*Michael D. Harper, P.C.*

1075 Peachtree St. NE, Suite 3650

Atlanta, Georgia 30309

Telephone: (404) 965-3565

Facsimile: (404) 965-3765

www.mharperl

STATE OF COLORADO )

COUNTY OF EL PASO )

### AFFIDAVIT OF JOSEPH WILLIAM WRIGHT, M.D., CCHP-P

Joseph William Wright, M.D., being duly sworn, deposes and states:

1.

I, Joseph William Wright, M.D., am a licensed physician Board Certified in Otolaryngology - Head and Neck Surgery. For the past eleven years I have practiced in the field of correctional medicine and am certified by the National Commission on Correctional Health Care as a Certified Correctional Healthcare Professional - Physician (CCHP-P). The CCHP-Physician credential is designed to recognize expertise among physicians practicing in the specialized field of correctional health care. I have never had my opinions disqualified by any court. My Curriculum Vitae is attached hereto as Exhibit "1."

2.

As the previous Medical Director of the El Paso County Criminal Justice Center in Colorado Springs, Colorado, I am familiar with the standard care for medical practices that currently relate to issues of care and treatment of patients such as Mr. Antonio May. As the Medical Director, I supervised EMTs (Emergency Medical Technicians), nurses, and physicians in the correctional health care setting, in three (3) of the past five (5) years. I can fairly evaluate the quality of care that was afforded Mr. May at the Fulton County, GA Jail.

1

3.

I have reviewed the medical records for Antonio May from Grady Hospital in Atlanta, GA, Naphcare, Inc. at the Fulton County, GA Jail and the autopsy of Mr. Antonio May from the Fulton County, GA medical examiner's office.

4.

The aforementioned medical records state the following: Mr. May was arrested in the early morning of 9/11/18. He admitted to chronic abuse of methamphetamine, ecstasy, and alcohol. He was seen at Grady Hospital for medical clearance and was diagnosed with severe amphetamine use disorder. Although he was cleared for supervisory detention at the jail, he was noted to have an increased heart rate and breathing rate. He was noted to have paranoid delusions. He denied previous coronary problems. He was admitted to the Fulton County Correctional Center at 09:01 on 9/11/18. A urinalysis upon entrance at the jail revealed that Mr. May positive for amphetamines. Mr. May was suspected of actively detoxing, and had suicidal thoughts when he entered the jail. His vital signs were reported as normal. His blood glucose was 171. A toxicology screen at 11:54 was positive for methamphetamine and ecstasy. This was confirmed later at the time of the autopsy. Physical exam at this time showed him to be alert and oriented but with a disheveled appearance and a "suspicious attitude". He was

restless and hyper-verbal, and was making illogical associations. Apparently the patient became violent and was placed in restraints and a spit mask following an altercation with the deputies. During this altercation he was exposed to a Taser approximately three times and was also exposed to pepper spray and closed fist strikes by the deputies. At the time of the autopsy, several areas of contusion and abrasion were noted at various places on his body. At 16:10 the nursing note indicates normal vital signs, but also states that the patient had no pulse and no respirations. EMT was called and CPR was initiated. CPR proved unsuccessful and the patient was pronounced dead at the hospital at 16:40. The diagnosis from the autopsy indicated a sudden cardiovascular collapse, acute methamphetamine intoxication, and probable excited delirium with physical restraint use.

5.

Throughout Mr. May's time at the Fulton County Jail he was kept in a holding cell without close medical supervision or medication. Control of his increasingly agitated and violent behavior was left to the Fulton County deputies. Methamphetamine intoxication is associated with a sudden cardiovascular collapse, particularly in agitated patients who are physically restrained. Severe agitation often presages cardiac arrest, which can occur after only a few minutes of struggle. With amphetamine intoxication there is need for immediate aggressive

3

intervention. Control of violent behavior is of critical importance. Treatment with intravenous benzodiazepine is a common therapeutic choice. Physical restraints should be avoided if possible. Patients with physical restraints undergo isometric muscle contractions that can be associated with lactic acidosis, hyperthermia, sudden cardiac collapse, and death. Chemical sedation must always accompany physical restraints and physical restraints should be removed as rapidly as possible. Control of hyperthermia involves eliminating excessive muscle activity and aggressive cooling.

5.

Based on my review and on my knowledge and experience, it is my professional opinion, based on a reasonable degree of medical certainty, the employees at Naphcare, Inc. and the Fulton County Jail failed to exercise that degree of skill and care ordinarily required by the medical profession in general, under like conditions, and similar circumstances in their treatment of Mr. May. I have identified the following specific facts and omissions in support of this opinion:

1) It was a deviation of the standard of care and deliberate indifference for Mr. Travis Williams, an EMT employed by Naphcare, Inc., to not involve other medical professionals (LPN, RN, PA, MD) and seek a transfer of Mr. May

to a higher level of medical care at the Fulton Jail when Mr. Williams performed the intake of Mr. May at the Jail, and learned that Mr. May tested positive for amphetamines and had suicidal ideation;

2) It is was a deviation in the standard of care and deliberate indifference for the medical professionals at the Fulton County Jail and Naphcare, Inc. to not closely monitor Mr. May in a medical environment at the Jail where he could be medically observed (as opposed to a holding cell) when the medical professionals became aware that Mr. May tested positive for amphetamines and that he had suicidal ideation.

3) It was a deviation in the standard of care and deliberate indifference for the medical professionals at the Fulton County Jail and Naphcare, Inc. to not place Mr. May on detox protocol/chemical sedation when he entered the Fulton County Jail after he tested positive for amphetamines.

6.

The aforementioned breaches of the standard of care and deliberate indifference by the medical professionals at the Fulton County Jail and Naphcare, Inc., with a reasonable degree of medical certainty, were the proximate causes of Mr. May's death. Clinicians should anticipate clinical deterioration and cardiac arrest in a wildly agitated patient, particularly those requiring physical restraints.

Had Mr. May been closely observed in a medical setting and put on chemical sedation at the Fulton County Jail as opposed to being placed in a holding cell with no medical treatment, with a reasonable degree of medical certainty, the confrontation between the deputies and Mr. May would not have occurred, or Mr. May would have been treated differently based on his medical and psychological issues, thereby preventing his death.

7.

This affidavit is not necessarily inclusive of all of the breaches of the standard of care by the medical professional acting as agents and/or employees of the Fulton County Jail and Naphcare, Inc. in their medical treatment of Antonio May, but I understand that for purposes of this Affidavit, I am only required to identify at least one (1) act of malpractice with respect to each Defendant that provided medical care to Mr. May.

8.

I make this Affidavit under oath after having been duly sworn, on the basis of my training and medical experience. I am of legal age and fully competent to testify to all opinions and conclusions states herein. This Affidavit is executed for the purpose of being attached to and used in support of the Plaintiffs' Complaint as required by O.C.G.A. § 9-11-9.1.

*Further Affiant sayeth not.*

_____
Joseph William Wright, M. D., CCHP-P

Sworn and subscribed to before me

this 28TH day of May, 2019.

_____
Notary Public
My commission expires: 6-13-2019

THELMA ANN GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19954009230
MY COMMISSION EXPIRES JUNE 13, 2019

7