# Fulton County Sheriff's Office
## Standard Operating Procedures

| **Effective Date:** February 13, 2015 | | **Number:** 1.01 |
|---|---|---|
| **Subject:** Use of Force | | **Pages:** 14 |
| **Amends/Rescinds:** August 1999, November 2009, (Amendments) "a" May 2010 and "b" June 2011 | **Distribution:** All Members | **References:** CALEA Chapter 1 |
| **Approving Authority Signature:** Theodore Jackson | | **Date:** 2/12/15 |

## I. Purpose

The purpose of this directive is to provide members of the Fulton County Sheriff's Office with guidelines regarding the use of force, as well as a review process for such incidents.

## II. Policy

It shall be the policy of the Fulton County Sheriff's Office that all members acting within their official capacity use only that force that is reasonable and necessary to accomplish their lawful objectives. The use of force must end when resistance ceases or is overcome; the possibility of violence is no longer present, or when the arrest has been accomplished. Members will act in good faith in the exercise of use of force and will adhere to all applicable state and federal laws, as well as to this directive. It is further the policy that those members working at the jail or other satellite facilities will use only that force necessary and reasonable to gain compliance from an inmate.

Any employee in violation of the policy will be subject to disciplinary action up to and including termination for the second offense. *(See SOP 3.05b. Disciplinary Actions).*

## III. Scope

All sworn members of the Fulton County Sheriff's Office ("Agency") and Sheriffs Security Specialists assigned to security posts.

## IV. Table of Contents

| | |
|---|---|
| Definitions | 2 |
| Legal Justification | 2 |
| Use of Non-Deadly Force | 3 |
| Use of Deadly Force | 4 |
| Exception | 4 |

Estate of Antonio May v Fulton County FC000069

Excessive Use of Force- Case Law .................................................................. 5
Restrictions........................................................................................................ 6
Use of Deadly Force- Animals.......................................................................... 6
Post Incident Procedures................................................................................. 6
Reporting Requirements................................................................................. 8
Use of Force Review Board............................................................................. 9
Responsibilities of Board................................................................................. 10
Annual Review.................................................................................................. 13
Administrative Duty......................................................................................... 13

## V.  Definitions

A. <u>Authorized Weapon</u>-A weapon with which the deputy/officer has received agency training and has qualified through a proficiency examination on proper and safe usage. The weapon must be registered with the agency and comply with agency specifications for its use.

B. <u>Deadly Force</u> – The amount of force which is intended to or likely to cause death or great bodily harm *(OCGA § 17-4-20).*

C. <u>Forcible Felony</u>- Any felony which involves the use or threat of physical force or violence against any person.

D. <u>Objective Reasonableness</u> – The standard as set forth by *Graham v. Connor. 490 U.S. at 386 (1989)* wherein the test for reasonableness when using force against an individual is based on the evaluation of what an objectively reasonable deputy or officer might have done in the same circumstances in light of the facts confronting the deputy or officer at the time of the incident.

E. <u>Objectively Reasonable Force</u> – The nature and degree of force utilized by a deputy or officer given the totality of the facts and circumstances known at the time and to gain control of a subject once the deputy or officer has evaluated: 1) the severity of the crime; 2) the immediate threat the subject poses to the deputy or officer and/or to the public; and 3) whether the subject is actively resisting arrest or attempting to evade arrest.

F. <u>Reasonable Belief</u> - The facts and circumstances which would cause a reasonable and trained deputy or officer to act or think in a similar way under similar circumstances.

G. <u>Serious Bodily Injury</u> - A bodily injury that creates a substantial risk or death; causes serious permanent disfigurement; or results in a long-term loss or impairment of the functioning of any part of the body.

H. <u>Administrative Review</u> – A request for further Internal Review based on a determination by

Estate of Antonio May v Fulton County FC000070

the Use of Force Board that the facts and circumstances revealed during the Board's review suggest a violation of the Fulton County Personnel Regulations or Departmental policies. This recommendation will be made by the Use of Force Board Chairman. Any consideration may involve the following:

   a. Referral to Internal Affairs Section pursuant to Standard Operating Procedure 3.08 Internal Investigations Category "A" Complaints and Category "B" Complaints.

   b. Further Evaluations pursuant to Standard Operating Procedure 3.07 Personnel Early Warning System CALEA 39.1.7.

   c. Referral to Professional Counseling pursuant to Standard Operating Procedure 3.06 Employee Assistance Program.

   d. Pursuant to any Agency's Standard Operating Procedure or County policy applicable to the incident.

VI. **Legal Justification**

Depending upon the resistance encountered, Agency members may be legally justified in using reasonable and necessary force that escalates from non-deadly to deadly force as described herein. Any member who uses excessive force to effect an arrest or continues to use force after the person has submitted to arrest or compliances with lawful orders, is subject to disciplinary action including termination from the Agency, as well as possible criminal prosecution.

   **Note:** Security Specialists are not sworn or certified and will use only the amount of force necessary and reasonable to defend themselves or others.

A. **Use of Non-Deadly Force**

After receiving the proper training and applicable celiifications, deputies and officers shall use agency-approved less-lethal weapons (see *SOP 5.02, Less-Lethal Weapons*) and/or defensive techniques as justification for using force in the following conditions:

   1. When making lawful arrests and searches; overcoming resistance to such arrests and searches; or preventing escapes from custody or investigative detention;

   2. When preserving the peace; preventing the commission of offenses; preventing suicide or self-inflicted injury;

   3. When in self-defense, or defense of another against unlawful force to his or her person; or

Estate of Antonio May v Fulton County FC000071

4. When a deputy or officer is in the process of performing his or her duty, task, or assignment and this process is interrupted by the action, behavior or disruptive manner of an inmate, the deputy or officer is authorized to use that amount of force necessary to regain control of his or her duty, task, or assignment.

Note: The Agency recognizes that in some extenuating circumstances, a deputy or officer may be forced into a situation where he or she uses opportunistic objects (e.g., flashlight, radio, etc.) during a use of force act. As in any other use of force incident, the use of these objects will be examined on a case by-case basis since they are viewed as unauthorized weapons.

B. **Use of Deadly Force**

Use of deadly force by a deputy or officer during the performance of his or her duty is governed by *O.C.G.A. § 17-4-20*, which is defined as follows:

Sheriff's and peace officers who are appointed or employed in conformity with Chapter 8 of Title 35 (also known as the *Georgia Peace Officer Standards and Training Act)* may use deadly force to apprehend a suspected felon only:

1. When the deputy or officer reasonably believes that the subject possesses a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;

2. When the deputy or officer reasonably believes that the subject poses an immediate threat of physical violence to the deputy or officer or others; or

3. When there is probable cause to believe that the subject has committed a crime involving the infliction or threatened infliction of serious physical harm **if the deputy or officer reasonably believes that the subject's escape would create a continuing danger of serious physical injury to any person.**

Note: Nothing in this statute shall be construed so as to restrict such deputies or peace officers from the use of such reasonable non-deadly force as may be necessary to apprehend and arrest a suspected felon or misdemeanant.

C. **Exception to *O.C.G.A. § 17-4-20***

While *O.C.G.A. § 17-4-20* defines the situations where deputies may utilize force, members of the Agency shall refer to *O.C.G.A. § 16-3-21* where the situation is not otherwise covered by *O.C.G.A. § 17-4-20*. Specifically, *O.C.G.A. § 16-3-21* provides as follows:

Estate of Antonio May v Fulton County FC000072

1. A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat of force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily injury to himself or a third person, or to prevent the commission of a forcible felony.

2. A person is not justified in using force under the circumstances specified immediately above if he or she:

    a. Initially provokes the use of force against him/herself with the intent to use such force as an excuse to inflict bodily harm upon the assailant;

    b. Is attempting to commit, committing, or fleeing after the commission or attempted the commission of a felony; or

    c. Was the aggressor engaged in a combat by agreement (unless he withdraws from the encounter) and effectively communicates to such person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force.

### D. Excessive Use of Force- Case Law

When faced with an allegation of excessive force under the Fourth Amendment, the Courts will look at the following factors:

1. The severity of the offense;

2. The immediate threat posed by the subject;

3. Whether the subject was actively resisting or attempting to elude; and

4. The extent of the intrusion upon the person.

The above factors will be evaluated using the objective reasonableness standard to decide whether or not the deputy or officer's actions were objectively reasonable in light of the facts and circumstances confronting him or her on the scene without regard to his or her underlying intent or motivation. The standard will be viewed from the perspective of a reasonable deputy or officer on the scene under the same conditions and not in hindsight.

Estate of Antonio May v Fulton County FC000073

Two such cases that were decided by the Courts relating to the Fourth Amendment are as follows:

*Tennessee v. Garner*, 471 U.S.F (195) – When law enforcement is pursuing a fleeing subject, the deputy or officer may use deadly force only to prevent escape if he or she has probable cause to believe that the subject poses a significant threat of death or serious bodily injury to the deputy or officer, or others.

*Graham v. Connor*, 490 U.S. 386 (1989) - An objective reasonableness standard should apply to a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other such 'seizure' of his person.

## VII. Restrictions

A. The use of warning shots is not authorized.

B. The use of a firearm will not be discharged from a moving vehicle, except in exigent circumstances and in the immediate defense of life.

C. The use of a firearm by shooting at a moving vehicle unless the vehicle itself is being used by the driver as a deadly weapon to inflict serious bodily injury or death to the deputy or others, and then only if no other reasonable course of action is available to preserve life or prevent serious bodily injury. Deputies or officers will not voluntarily place themselves in front of an oncoming vehicle where the use of deadly force is the probable outcome.

D. The use of lateral vascular neck restraints or any other type of 'choke-type hold' unless deadly force is authorized and no other means is immediately available.

## VIII. Use of Deadly Force against Animals

When time and circumstances permit, deputies will make every effort to locate the owner or contact Animal Control prior to using deadly force against an animal. If there is no safety risk to bystanders, deadly force is allowed in the following conditions:

A. To destroy an animal that is obviously vicious and cannot be controlled otherwise; or

B. To destroy a fatally wounded or sick animal if requested to do so by the owner.

## IX. Post Incident Procedures for Incidents involving Serious Bodily Injury or Death

Estate of Antonio May v Fulton County FC000074

A. Responsibilities of the Deputy or Officer(s) Involved:

1. Render first aid to injured person(s) until medical assistance arrives.

2. Notify shift supervisor, or next available supervisor.

3. Secure the scene and detain all witnesses, if possible.

4. Secure the involved weapon until relinquishing it to a supervisor or an Internal Affairs Investigator.

5. Remain on the scene until supervision arrives and directed otherwise.

6. Details of the incident will not be discussed with anyone except the following:

    a. supervisory and assigned investigative personnel;

    b. assigned personnel from the District Attorney's Office;

    c. the deputy or officer's attorney;

    d. the deputy or officer's mental health professional; and/or e. the deputy or officer's chosen clergy.

7. Cooperate with investigators and complete required reports.

B. Responsibilities of the Supervisor Involved

1. Upon notification of the incident, respond immediately to the scene.

2. Notify the involved deputy/officer's Division Commander, the on-call Internal Affairs investigator and the PIO.

3. Ensure proper medical care is provided to the injured party(s). If a deputy or officer is injured, ensure the proper paperwork is completed and submit through the chain of command, a Worker's Compensation Occupational Injury Report.

4. Secure all weapons used during the incident until otherwise directed by the Internal Affairs' investigator or higher authority.

5. Ensure the crime scene is secured and all available witnesses are detained.

6. If requested, assist the Internal Affairs' investigator (e.g., provide photographs,

       7.     conduct interviews, etc.).

       7.     Submit a completed supplemental report detailing actions taken at the scene.

       8.     Ensure the involved deputy or officer is offered the services of the Employee Assistance Program ("EAP") and/or the Fulton County Chaplaincy Program.

       9.     Ensure that the applicable **Incident Report** and **Use of Force Report** is completed and submitted in a timely manner via the chain of command.

C.    Responsibilities of Internal Affairs

       1.     The Internal Affairs Section Commander will be responsible for coordinating the investigation of an incident where the use of force results in death or serious physical injury.

       2.     Upon arrival on the scene, the Internal Affairs investigator will take receipt of the deputy's weapon and retain custody of it until administrative proceedings have been completed.

**Note:**    The relinquishment of a weapon or issuance of another weapon will be determined on a case-by-case basis.

       3.     The Internal Affairs investigator will keep the Chief Deputy and/or Sheriff informed of the status of the investigation.

**Note:**    Only the Sheriff, Sheriff's designee or the PIO will be responsible for releasing any official comments to the news media concerning the incident. Efforts will be made to protect the identity of the deputy or officer involved, as well as injured persons pending results of the investigation and/or notification of family members.

## X. Reporting Requirements

Deputies and officers are often confronted with situations where control or compliance must be utilized to protect the public, co-workers, and/or themselves. In other situations, control must be utilized to effect an arrest. Control may be achieved through the use of verbal communication (e.g., advise, warn, or persuade) or by the use of the minimum amount of force (escort techniques, defensive techniques, etc.) necessary to achieve the desired lawful objective. An investigation must be conducted by the Internal Affairs Section when a use of force incident results in serious physical injury or death. All use of force incidents described in Section A below must be documented by all involved deputies and/or officers. Reports will be submitted through the respective chain of command.

Estate of Antonio May v Fulton County FC000076

A. Both an **Incident Report** and a **Use of Force Report** are required in the following situations:

1. The discharge of a firearm, for other than training or recreational purposes.
   a. If on-duty, the deputy will notify the shift supervisor.
   b. If off-duty, the deputy will notify the Law Enforcement Operations Division Commander or his or her designee.

2. The pointing of a firearm at a subject to gain compliance.

3. A use of force act that results in, or is alleged to have resulted in, the injury or death of another person.

4. A use of force act that required the use of a lethal or less-lethal weapon.

5. A use of force act that did not involve a weapon, but resulted in, or is alleged to have resulted in an injury.

6. Any vehicular pursuit involving an Agency member (a **Vehicle Pursuit Report Form, SW027.01** is required to be completed).

7. A use of force act in which a member physically makes contact by using his or her hands with a noncompliant inmate or noncompliant subject legally detained or in custody, regardless of whether or not an injury occurs as a result of the contact.

**Note:** Should the Deputy or Officer be physically unable to complete an Incident Report, the supervisor will submit an Incident Report to the Internal Affairs Section until such time that the Deputy or Officer is able to write it himself or herself.

B. Distribution

Supervisors will submit all **Incident Reports** and **Use of Force Reports** through his or her chain of command and ensure that the (original) reports are forwarded to the designated Point of Contact (POC) Internal Affairs Investigator. The POC will then compile and review all such reports and forward his or her findings to the Chief Deputy. The POC will also be responsible for ensuring that the above reports are placed with in the respective members' case file. The Internal Affairs Commander will be responsible for forwarding all **Incident Reports** and **Use of Force Reports** to the Use of Force Review Board no later than ten (10) business days from the completion date of the report.

## XI. Use of Force Review Board

A. The Use of Force Review Board will conduct an Agency inquiry regarding: 1) the use of any

Estate of Antonio May v Fulton County FC000077

force that results in serious injury or death; 2) any discharge of a projectile from any weapon by any member of the Agency; and 3) any Agency member's involvement in a vehicle pursuit. The Board's objective is to:

1. Determine if the use of force act was necessary and reasonable;

2. Determine if the use of force act conformed to Agency policies and procedures, as well as applicable state and federal laws; and

3. Determine the need for any additional training and/or policy revisions.

Note: The Board members will factor into their decisions the totality of the circumstances, as well as the judgment used by the involved deputy or officer.

B. Composition of the Review Board

The Board will consist of nine (9) members who will each serve for one (1) year, including the Chairperson and the Co-Chairperson. All members are selected by the Sheriff. A quorum will consist of at least five (5) members. The following are those division/sections from which a board member will be selected:

a) Training;

b) Court Services;

c) Law Enforcement;

d) Jail Bureau;

e) Planning and Research; and

f) Internal Affairs.

Note: To ensure the quorum is achieved at each convened Board meeting, the above Division Commanders will be responsible for providing the necessary representatives and/or alternates.

C. **Responsibilities of the Review Board**

1. The Chairperson (in his or her absence, the Co-Chairperson) will be responsible for the following:

    a. Review all reports received and convene a hearing within ten (10) days from receipt of the report;

Estate of Antonio May v Fulton County FC000078

  b. Notify all Board members of the date, time and place for the hearing;

  c. Notify all Division Commanders with Board representatives at least forty-eight (48) hours in advance of the date, time and place for the hearing:

  d. Notify all involved persons (e.g., deputy or officer (s) and witnesses) in the use of force incident of the scheduled date, time and place for the hearing; and

  e. Compile and maintain all records to be presented at each Board meeting.

  f. Ensure that Board members receive Incident Reports and Use of Force Reports that have not been redacted

2. The Board will make a determination, based on the information presented, as to whether or not the use of force was:

  a. Authorized, pursuant to state and federal applicable laws;

  b. Compliant, pursuant to Agency Rules and Regulations, General Orders, and Standard Operational Procedures; and/or

  c. Reasonable and necessary.

3. Upon the completion of the hearing and evaluation of all information presented as evidence, the Board will vote. The decision will be based on majority rule. The following recommendations will be forwarded to the Chief Deputy:

  a. Exonerated- No further action required;

  b. Violation(s) exists;

  c. No violation, but additional action is recommended based on the following:

    i. The need for training;

    ii. The need for additional equipment;

    iii. The need for additional personnel in specific areas; and/or

    iv. The need for policy revisions and/or enforcement of same.

        v.      Based on the actions of the involved deputy or officer, the need to determine whether he or she falls within the purview of the Early Warning Intervention Program.

Note:   The Sheriff may concur with or waive any recommendations.

4. When evaluating or reviewing an administrative action, prior to the interview of staff involved in the incident, the Internal Affairs Section Investigator will ensure that the Deputy or Officer signs an Administrative Proceeding Rights Form (OPS020.02). In the case of a suspected criminal action, a Miranda Warning must be administered and if the individual waives his or her rights, the Investigator will make every attempt to have him or her sign a Miranda Waiver (ADM12.01). Any case before the Use of Force Board involving a discovered suspected criminal action is immediately forwarded to the Internal Affairs Section / Office of Professional Standards (OPS) for a formal investigation.

   **Note:** The Deputy or Officer involved in the incident will be allowed legal representation at the hearing.

5. Officers appearing to the Board hearing will provide proof of training compliance upon appearance in the form of a certificate or affidavit from the training instructor.

6. Findings of the Board are promptly forwarded to the Chief Deputy and the appearing officer's immediate supervisor. In the event that a violation exists, the case will be referred to the Office of Professional Standards (OPS).

7. The findings of the Board will be forwarded to the employee's immediate supervisor and chain of command. Recommendations for an employee written warning or employee rule violation must be administered within 7 days of receipt of the Board's notification.

   i. An "administrative review" may be forwarded to the Office of Professional Standards (OPS) for the purpose of determining if any of the following are recommended as a form of disciplinary sanction:
      a. Additional supervision
      b. Additional training or refresher training
      c. Reassignment
      d. Suspension or Dismissal

   ii. Written warnings reported to the agency "early warning system" may be considered to include, but are limited to the number of:
      a. Use of Force violations
      b. Internal Affairs complaints

Estate of Antonio May v Fulton County FC000080

   c. Unsatisfactory performance evaluations
   d. Traffic accidents
   e. Excessive attendance violations

8. For issues of training compliance, it is the officer's responsibility to inform the Use of Force Chairperson that the ordered training requirements have been met. The Use of Force Chairperson will follow-up with the employee's supervisor chain of command concerning disciplinary actions.

Note: Training compliance is established as the completion date of the class.

## XII. Annual Review

All incidents involving the use of force for that year will be reviewed on an annual basis by both the Use of Force Review Board and a representative from the Internal Affairs Section. An annual Use of Force Analysis report will be performed per CALEA standard 1.3.6. This review will be used to reveal if any patterns or trends exist that may indicate training needs, equipment improvements, and/or policy violations. Such findings and recommendations of the Board will be forwarded to the Sheriff for any further action deemed necessary.

## XIII. Administrative Duty

Any deputy or officer directly involved in a use of force incident which results in a serious physical injury or death will be relieved of duty and placed on administrative duty pending the outcome of the investigation. The following further explains this process:

1. Once on administrative duty, the deputy or officer will relinquish his or her weapon and Agency credentials to the Internal Affairs investigator.

2. Administrative duty will be without loss of pay or benefits.

3. Administrative duty will not be interpreted to imply or indicate that the deputy or officer acted improperly.

4. As long as the deputy or officer is on administrative duty, he or she will not work any type of secondary employment in a law enforcement capacity.

5. The deputy or officer will not represent himself or herself as being an agent of the Fulton County Sheriff's Office nor act in a law enforcement capacity during the leave.

6. The deputy or officer will be referred to an Employee Assistance Program (EAP) counselor or the Fulton County Chaplaincy Program for debriefing and/or

Estate of Antonio May v Fulton County FC000081

counseling. When necessary, members of the deputy or officer's immediate family should be included in the counseling sessions.

7. As long as the deputy or officer is on administrative duty, he or she will not discuss the incident with anyone other than:

   a. Assigned supervisory or investigative personnel;

   b. The deputy or officer's immediate family;

   c. The deputy or officer's attorney;

   d. Assigned personnel from the District Attorney's office; and/or

   e. The deputy or officer's chosen counselor.

Estate of Antonio May v Fulton County FC000082